**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Ronald F Smieja
Cynthia A Smieja

                Debtor(s).                    Ch. 13: 10-50478

**NOTICE OF MODIFIED PLAN (Pre-Confirmation)**
**AND CONFIRMATION HEARING**

To:  The Chapter 13 Trustee; the United States Trustee; and to the other entities specified in Local Rule 3015-2:

1.  Please take notice that the debtors have filed a modified plan.

2.  A copy of the modified plan is attached.

3.  The Court will hold a hearing on confirming this modified plan at 9:00 o'clock a.m. on June 22, 2010, at Courtroom 2, US Court House, 515 W 1st St, Duluth MN 55802, or as soon thereafter as counsel may be heard.

4.  Any objection to confirmation of this modified plan must be filed and delivered not later than 9:00 a.m. on June 11, 2010, which is 7 days before the hearing, or filed and served by mail not later than June 8, 2010, which is 10 days before the time set for the confirmation hearing.


        /e/ Sam V. Calvert
Sam V. Calvert
1011 2nd St. North, Suite 107
Box 1044
St. Cloud MN  56302
320-252-4473
atty id # 1431X

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                    MODIFIED CHAPTER 13 PLAN

Ronald F. Smieja
Cynthia A. Smieja

Dated:  5/20/2010
       DEBTOR                                                  Case No.  10-50478
In a joint case, debtor means debtors in this plan.

1. DEBTOR'S PAYMENTS TO TRUSTEE —
a. As of the date of this plan, the debtor has paid the trustee $ 275.00
b. After the date of this plan, the debtor will pay the trustee $ 275.00 per   month for  60   months, beginning within 30 days after the order for relief for a total of $16,225.00  The minimum plan length is   36 or   X  60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee $  0
d. The debtor will pay the trustee a total of $16,500.00  [line 1(a) + line 1(b) + line 1(c)].

2. PAYMENTS BY TRUSTEE — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $1,650.00, [line 1(d) x .10].

3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a.  none | | | |

4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any,  are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a.    none | |

5. CLAIMS NOT IN DEFAULT – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. Wells Fargo Auto Finance | Jeep loan |
| b. US Bank | first mortgage on home |

6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| c. PHH second mortgage on home | $490.33 | $50.00 | 1 | 10 | $490.33 |

7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)] — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate

| Creditor | amount of Default | int. rate (if applicable) | Monthly Payment | Beginning in Month # | number of payments | TOTAL Payments |
|---|---|---|---|---|---|---|
| a. none | | | | | | |

8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)] — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | claim | secured claim | int. rate | begin-ning in month # | monthly payments | no. pmts. on account of claim | + adequate protection payments | = TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|
| | | | | | | from ¶ 3 | | |
| a. none | | | | | | | | |

9. PRIORITY CLAIMS. The trustee will pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $2,851.00 | $ 197.50 | 1 | 15 | $ 2,851.00 |
| b. Domestic support | $ 0 | | | | $ |
| c. IRS | $ 0 | | | | $ |
| d. MN Dept. of Rev. | $ 0 | | | | $ |
| e. | | | | | $ |
| f. | | | Total: | | $ 2,851.00 |

10. SEPARATE CLASSES OF UNSECURED CREDITORS — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:     none
The trustee will pay the allowed claims of the following creditors. All entries below are estimates.

a.  None.

11. TIMELY FILED UNSECURED CREDITORS — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $11,508.67 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $  .
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $47,957.12.
c. Total estimated unsecured claims are $47,957.12  [line 11(a) + line 11(b)].

12. TARDILY-FILED UNSECURED CREDITORS — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  As to the claims dealt with in paragraphs 5, 6, 7 and 8, in the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, discharged by the discharge granted pursuant to 11 USC 1328.  For the tax year 2010, a proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending and the trustee shall pay such claim as submitted pursuant to 11 USC Section 1305.  Other than said tax claims, the debtor will pay, in full (with interest) all postpetition claims allowed under 11 USC Sec. 1305, if there are any such claims.  The debtor may prepay the payments due under the plan after the 36th month.  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the

pre-petition arrearages, if any, only to such arrearages; to apply the direct mortgage payments as set out in the note and mortgage; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). The holders and/or servicers of claims secured by liens on real property may send payment coupons to the debtor, and may negotiate and implement mutually acceptable loan modification agreements. The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

14. SUMMARY OF PAYMENTS —

Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,650.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . $   490.33
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . $ 0
Other Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,851.00
Separate Classes [Line 10(c)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 11,508.67
TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . .    $16,500.00

Name, Address, Telephone
and License Number of Debtor's Attorney:

Sam V. Calvert #1431X                    Signed:        /e/  Ronald F. Smieja
1011 2nd ST N Ste 107                                   Debtor
St Cloud MN 56303
320-252-4473                             Signed:        /e/  Cynthia A. Smieja
                                                        Debtor

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:

Ronald  F Smieja
Cynthia A Smieja

       Debtors.

                        Chapter 13 file Case:   10-50478

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

    Barb Robinson, employed by Sam V. Calvert, attorney licensed to practice law in this Court, with office address of 1011 2nd St. North, Suite 107, St. Cloud, MN  56303, declares that on May 28, 2010 I served the attached Motion to Modify Plan and Confirmation Hearing on the entity or entities listed below, by mailing each of them a copy thereof by enclosing the same in an envelope, first class postage prepaid, and depositing the same in the United States Mail at St. Cloud Minnesota addressed as follows:

Office of the US Trustee        **(Electronically)**
Suite 1015
300 S 4th St
Mpls MN

Kyle Carlson
Box 519
Barnsville MN  56514

**by US Mail**

Ronald & Cynthia Smieja
6826 210th Ave
Royalton MN  56373-3714

see attached list

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  May 28, 2010       ___/e/   Barb Robinson_____

**ALLIANCE ONE**  (58684697)
RE: CITIBANK  (cr)
4850 STREET RD, STE 300
TREVOSE, PA 19053

**BANK OF AMERICA**  (58684698)
PO BOX 15027  (cr)
WILMINGTON, DE 19850-5027

**CAPITAL ONE**  (58684699)
P O BOX 30281  (cr)
SALT LAKE CITY, UT 84130-0281

**CITI CARD**  (58684700)
P O BOX 6931  (cr)
THE LAKES, NV 88901-6931

**CLIENT SERVICES, INC**  (58684701)
RE: CITIBANK  (cr)
3451 HARRY TRUMAN BLVD
ST CHARLES, MO 63301-4047

**MERS**  (58684702)
P O BOX 2026  (cr)
FLINT, MI 48501-2026

**MESSERLI & KRAMER**  (58684703)
RE: CAP ONE  (cr)
3033 CAMPUS DR, STE 250
MINNEAPOLIS, MN 55441-2626

**NCO FINANCIAL SYSTEMS, INC**  (58684704)
4740 BAXTER RD  (cr)
VIRGINIA BEACH, VA 23462

**PHH**  (58684705)
P O BOX 0112  (cr)
PALATINE, IL 60055-0112

**PHH Mortgage Corporation**  (58753027)
2001 Bishops Gate Blvd  (cr)
Attn: Mail Stop SV-01
Mount Laurel, New Jersey 08054

**PRA Receivables Management, LLC**
As Agent Of Portfolio Recovery Assocs.  (58755882)
c/o Sams Club  (cr)
PO Box 12914
Norfolk VA 23541

**PRIMARY FINANCIAL SERVICES**  (58684706)
3115 N 3RD AVE STE 112  (cr)
PHOENIX, AZ 85013

**SAM'S CLUB**  (58684707)
PO BOX 960013  (cr)
ORLANDO, FL 32896-0013

**US BANK**  (58684708)
P O BOX 790414  (cr)
ST LOUIS, MO 63179-0414

**WELLS FARGO AUTO FINANCE**  (58684709)
P O BOX 29704  (cr)
PHOENIX, AZ 85038-9704

**Wells Fargo Bank, N.A.**
Wells Fargo Auto Finance  (58726407)
Attn: MAC F6582-034  (cr)
PO Box 500
Chester, PA 19013

**Wells Fargo Bank, N.A.**
c/o Wells Fargo Card Services  (58691960)
Recovery Department  (cr)
P.O. Box 9210
Des Moines, IA 50306

**WELLS FARGO CARD SERVICES**  (58684710)
PO BOX 9210  (cr)
DES MOINES, IA 50306

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Ronald F. Smieja
Cynthia A. Smieja

## SIGNATURE DECLARATION

| | |
|---|---|
| ____ | PETITION, SCHEDULES & STATEMENTS |
| ____ | CHAPTER 13 PLAN |
| ____ | SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION |
| ____ | AMENDMENT TO PETITION, SCHEDULES & STATEMENTS |
| X | MODIFIED CHAPTER 13 PLAN |
| X | OTHER (Please describe: __Motion Hearing__ ) |

I (We), the undersigned debtor(s) or authorized representative of the debtor, **make the following declaration under penalty of perjury:**

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct.
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct.
- **[individual debtors only]** If no Social Security number is included in the "Debtor Information Pages" submitted as part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages" is applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 5-28-10

X _____          X _____
Signature of Debtor or Authorized Representative          Signature of Co-Debtor or Authorized Representative

Ronald F. Smieja                                             Cynthia A. Smieja